# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JAHNEE RASHAD WILLIAMS,

    Petitioner,

v.                                             Case No: 5:12-cv-44-Oc-30PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner Jahnee Rashad Williams, an inmate in the Florida penal system proceeding pro se, (hereinafter referred to as "Petitioner"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt 1). Petitioner raises, in part, the novel issue of whether one may base a claim of ineffective assistance of counsel on advice from a lawyer not representing him. This Court has considered the petition (Dkt. 1), Respondents' response (Dkt. 9), and Petitioner's reply to Respondent's response (Dkt. 11). Upon review, the Court determines that the petition must be denied on the merits.

## BACKGROUND

On August 27, 2008, Petitioner was charged by information with burglary of a dwelling while armed; aggravated battery with great bodily harm with a firearm; shooting at, within, or into a dwelling; burglary of a dwelling while

1

armed; and burglary of a dwelling while armed with a firearm. (Dkt. 10, Appendix A, pp. 1-2).[1] On March 3, 2008, Petitioner was charged with burglary of a conveyance with battery, and two counts of aggravated assault with a deadly weapon. (Dkt. 10, Appendix A, pp. 2-3).[2]

Petitioner and his co-defendants were scheduled to go to trial on Tuesday, September 2, 2008. The Friday before trial, at a change of plea hearing, Petitioner informed the trial court that he wished to retain a new attorney, Jimmy Johnson. (Dkt. 10, Appendix B, p. 4). Mr. Johnson was not present. (Dkt. 10, Appendix B, p. 4). The court told Petitioner that unless the new attorney filed something with the court and the court allowed Mr. Vaughn to withdraw, Mr. Vaughn would continue to serve as Petitioner's attorney. (Dkt. 10, Appendix B, p. 4). After consulting further with Mr. Vaughn, Petitioner agreed to the State's plea offer and entered no contest pleas in both cases.(Dkt. 10 Appendix B, p. 15). The plea agreement provided for a fifteen-year sentence conditioned upon Petitioner making a truthful statement of facts to law enforcement, and testifying at trial against his co-defendants. (Dkt. 10, Appendix B, pp. 24, 26).

Contrary to the agreement, Petitioner did not make a factual statement to police, and on the day of trial, September 2, filed a motion to withdraw his plea. Petitioner asserted he thought Mr. Vaughn was not ready for trial, and Petitioner was coerced into accepting the plea agreement. (Dkt. 10, Appendix A, Motion to

---

[1] Case 2007-CF-702
[2] Case 2008-CF-187

2

Withdraw Plea, p. 1). This same day, the State filed a motion to vacate the sentence contemplated by the plea agreement because Petitioner failed to meet with law enforcement to give a sworn statement. (Dkt. 10, Appendix A., Motion to Vacate Sentence Contemplated by Plea Agreement p. 1). The State contended calling Petitioner to testify without first having his sworn statement would be unfair to both the State and the co-defendants.

A hearing was held on September 2, 2008. The trial court denied Petitioner's motion to withdraw plea and granted the State's motion to vacate the sentence contemplated by the plea agreement setting aside the sentencing aspect of the plea agreement that called for 15-years incarceration. (Dkt. 10, Appendix C, p. 17). Petitioner was sentenced to life without the possibility of parole, 10 years minimum mandatory, on count one; 30 years incarceration, concurrent, on count two; 15 years incarceration, concurrent, on count three; life, concurrent, on count five; and life, concurrent, on count six. Count four applied only to the co-defendants. (Dkt 10, Appendix C, pp. 27-29).

On October 2, 2008, Petitioner again filed a motion to withdraw plea with supporting memorandum of law after sentencing, alleging that the terms of the written plea agreement were supplemented with unanticipated oral enhancements and associated enhanced penalties. Petitioner alleged he was surprised by the new demand to immediately give a statement to law enforcement and the trial court was drawn into the plea negotiations. (Dkt. 10, Appendix A, Motion to Withdraw Plea p.1). The trial court subsequently denied the motion. (Dkt. 10, Appendix E).

Petitioner timely appealed. On appeal, Petitioner's counsel contended that the trial court erred in denying the motions to withdraw plea. (Dkt. 10, Appendix F, pp. 1-5). The Fifth District Court of Appeal issued its decision affirming the conviction and sentence without opinion. *Williams v. State*, 34 So. 3d 21 (Fla. 5th DCA 2010).

Petitioner next filed a motion for post conviction relief, alleging Mr. Johnson gave ineffective assistance of counsel by advising Petitioner to enter a no contest plea, assuring him that it could be withdrawn, and advising Petitioner not to meet with law enforcement officers. (Dkt. 10, Appendix J). The motion was summarily denied on May 18, 2011. (Dkt. 10, Appendix K). Petitioner appealed. (Dkt. 10, Appendix L). On November 22, 2011, the Fifth District Court of Appeal issued its decision affirming without opinion. *Williams v. State*, 2011 WL 5906162 (Fla. 5th DCA 2011) [Table].

Petitioner filed the instant petition for habeas relief on January 18, 2012. (Dkt 1). In this petition he presents three grounds for relief: 1) ineffective assistance of counsel for misadvising Petitioner to enter a no contest plea, 2) ineffective assistance of counsel for advising Petitioner not to meet with law enforcement officials, and 3) the plea was the product of coercion.

4

## STANDARD OF REVIEW

A. **AEDPA**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA) his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254; *Williams v. Taylor,* 529 U.S. 362 (2000); *Mitchell v. Esparza*, 540 U.S. 12 (2003).

In *Mitchell v. Esparza*, the Supreme Court explained that a state court's decision is "contrary to" the Supreme Court's clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it "confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from our precedent." *Mitchell*, citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). As to the issue of whether a

state court has made "an unreasonable determination of the facts in light of the evidence," the state court's determinations of fact are presumed to be correct and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(c)(1).

### B. Ineffective Assistance of Counsel

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In order to prevail on an ineffective counsel claim, *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### C. Timeliness

Petitioner's motion is timely. On April 20, 2010, Petitioner's judgment was affirmed by the Fifth District Court of Appeal, State of Florida. Therefore, Petitioner's one-year-limitation for filing the instant Petition began to run on July 29, 2010, ninety days after the appeal was affirmed. The one-year-limitation to seek certiorari with the Supreme Court begins ninety days from appellate judgment. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).

On May 9, 2011, two hundred and eighty three days later, Petitioner filed a timely motion for post conviction relief that was denied on May 18, 2011. On June

7

15, 2011, Petitioner filed a Notice of Appeal. On November 22, 2011, the Fifth District Court of Appeal affirmed. It's mandate issued December 14, 2011. Defendant's one-year limitation for filing the instant petition was tolled from May 9, 2011, through December 14, 2011.

Thirty-five days later, on January 18, 2012, Petitioner filed his habeas petition with this Court. Therefore, a total of three hundred and eighteen (283 + 35) days elapsed prior to the filing of the instant petition and it is timely.

**GROUND ONE: PETITIONER WAS DEPRIVED OF HIS RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY ADVISED HIM TO ENTER A NO CONTEST PLEA.**

In support of ground one, Petitioner contends:

> During Petitioners plea hearing, a brief recess was held to enable Petitioner to go over the terms of a state offered plea agreement with attorney Charles Vaughn. During said recess, Mr. Williams used his cell phone to call his new counsel, attorney James Johnson. Mr. Williams explained to Mr. Johnson that he did not want to enter a no contest plea, however that if he did not do so, he would then be taken into custody. Mr. Johnson then advised Mr. Williams to enter into the plea agreement with the state and enter his no contest plea so that he could remain out on bond over the weekend, and that on the following Tuesday, Mr. Johnson would be able to withdraw Mr. Williams'' plea because Mr. Vaughn had filed a motion to withdraw as counsel on the basis of the conflict of interest prior to Mr. Williams' plea hearing, and as such, the court would have to permit Mr. Williams to withdraw his plea. Following Mr. Johnson's erroneous guarantee that he would be able to withdraw his plea and go to trial per his discussion with Mr. Johnson. Absent Mr. Johnson's erroneous advice that he would be able to withdraw his plea without issue, Mr. Williams would not have pled no contest but instead would have insisted on going to trial.

(Dkt. 1, p. 17).

8

As stated above, in order to prevail on an ineffective counsel claim, *Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697. Here, Petitioner fails to show how his attorney of record, Mr. Vaughn, performed deficiently, resulting in consequent prejudice as required by *Strickland*. Petitioner fails to identify the acts or omissions of Mr. Vaughn that were not of professional judgment. *See Mcmann v. Richardson*, 397 U.S. 759 (1970) (a convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment).

The Petitioner incorrectly assumes that Mr. Johnson was Petitioner's attorney when Petitioner received advice from Mr. Johnson during the recess of the plea hearing. This is not the case, as indicated by the record. The trial court informed Petitioner shortly before the plea hearing recess "unless he (being Mr. Johnson), files something in the court file and I allow Mr. Vaughn to be relieved of professional responsibility, Mr. Vaughn is still your lawyer," (Dkt. 10, Appendix B, p. 4), and the trial court pointedly reiterated to Petitioner that Mr. Vaughn was his attorney of record. (Dkt. 10, Appendix B, p. 6). The trial court gave a recess to Petitioner "to discuss with his attorney Mr. Vaughn, and his family whether to accept the plea." (Dkt. 10, Appendix B, pp. 8-9). Since this ground does not assert any deficient performance by Mr. Vaughn, his attorney of record, it fails for lack of merit.

Petitioner's claim also fails because as the state court reasoned, the plea hearing transcript shows that after an extensive plea colloquy, Petitioner understood the terms of the State's plea offer, had multiple opportunities with his counsel Mr. Vaughn to discuss the plea offer, and was well aware of the consequences if he failed to give the required sworn statement to law enforcement. (Dkt. 10, Appendix K, p. 4).

Petitioner fails to demonstrate that the state court's rejection of these claims relied on erroneous facts, or applied law contrary to established Supreme Court precedent, or in a manner which was objectively unreasonable in light of such precedent. Thus, ground one fails.

**GROUND TWO: PETITIONER WAS DEPRIVED OF HIS RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY ADVISED HIM NOT TO MEET WITH LAW ENFORCEMENT OFFICIALS PER THE TERMS OF HIS PLEA AGREEMENT.**

In support of ground two, Petitioner contends:

> After Mr. Williams' plea hearing, Mr. Williams was required to meet with law enforcement officers and provide them with honest information concerning other open cases, per the terms of his plea agreement as amended by the court. Per the terms of the agreement, if Mr. Williams failed to cooperate with law enforcement officials, the fifteen-year sentence that Mr. Williams had been extended by the state would be taken off the table and Mr. Williams would then again be subject to a sentence of life imprisonment. After his plea hearing, and prior to meeting with law enforcement officials, Mr. Williams met with Mr. Johnson.
>
> During this meeting, Mr. Johnson advised Mr. Williams not to meet with law enforcement officials because if he did so then Mr. Johnson would no longer be able to withdraw his plea as he had promised Mr. Williams he would do. While advising Mr. Williams not to meet with law enforcement officials, Mr. Johnson failed to advise Mr.

10

> Johnson that if he did not meet with law enforcement officials that the fifteen year offer agreed upon with the state, subject to his cooperation, would be taken off the table and he would again be subject to a term of life imprisonment. Relying upon Mr. Johnson's advice Mr. Williams violated his plea agreement by failing to meet with law enforcement, which in turn led to Mr. Williams' negotiated sentence of fifteen years being stricken, and Mr. Williams thereafter receiving a sentence of life imprisonment.

(Dkt. 1, p. 18).

This ground fails because, again, Petitioner fails to identify the acts or omissions of Petitioner's actual counsel, Mr. Vaughn, that constituted deficient performance. The trial court found Petitioner had multiple opportunities to discuss the plea offer with Mr. Vaughn. Petitioner represented on the record that he had sufficiently gone over the details of the plea with Mr. Vaughn. (Dkt. 1, Exhibit A, Transcript of Plea Hearing p. 23).

This ground also fails because, as the trial court concluded, and this Court agrees, the plea hearing transcript clearly indicates that Petitioner understood the conditions of the plea, including the condition that he give a sworn statement to testify against his co-defendants. (Dkt. 10, Appendix K, p. 4). Petitioner cannot point to the advice, no matter how mistaken, of someone other than his counsel to support a claim of ineffective assistance of counsel.

The plea hearing transcript also demonstrates that the plea offer was contingent on Petitioner's truthful statement:

> The Court: Okay. So if you lie to Detective Taylor or try to play games with him and the State files a motion to waive and if I find that this plea has not been entered into in good faith on your part, then I will continue to take the plea but not the sanction and

11

>you could be looking at a life sentence. Do you want to provide the truthful testimony to Detective Taylor today and me to accept this, because that's a deal breaker. This is as good as its going to get. Do you want me to accept the plea?
>
>The Defendant: Yes Sir.
>
>The Court: And you're going to provide the truthful statement today?
>
>The Defendant: Yes Sir.

(Dkt 1., Exhibit A, Transcript of Plea Hearing p. 27).

Therefore, since Petitioner has failed to demonstrate that the state court's rejection of these claims relied on erroneous facts, or applied law contrary to established Supreme Court precedent, or in a manner which was objectively unreasonable in light of such precedent, ground two is without merit.

**GROUND THREE:  DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEA, AS HIS PLEA WAS THE PRODUCT OF COERCION.**

In support of ground three, Petitioner contends:

>Prior to Mr. Williams' plea hearing the state filed a motion to revoke bond, although there was a special condition providing that Mr. Williams could remain free on bond if he executed a plea agreement. Also before Mr. Williams' plea hearing, Mr. Williams was made aware by Mr. Johnson that Mr. Vaughn had filed a motion to withdraw because of conflict of interest and lack of communication.
>
>Prior to his change of plea hearing Mr. Williams lost faith in Mr. Vaughn and believed that Mr. Vaughn was not prepared to go to trial, as such, Mr. Williams was seeking new counsel and Mr. Williams advised the court of the foregoing during his change of plea hearing. However, the court informed Mr. Williams that it would not continue Mr. Williams trial and that Mr. Vaughn was his attorney of record. Accordingly it was clear to Mr. Williams that he could accept the state's plea offer and remain free on bond or

> proceed to trial however, it was likewise clear that if he proceeded to trial his bond would be revoked. Additionally the court advised Mr. Williams that the court would only accept his plea if he agreed to meet with law enforcement later that same day and provide a truthful statement to them, even though said condition was not a part of the state offered plea agreement.
>
> Despite the court's adding of a new condition to Mr. Williams' plea agreement, Mr. Williams was not provided with an opportunity to discuss said condition with his attorney. Mr. Williams left with the option of proceeding to trial with Mr. Vaughn, an attorney he believed was unprepared, and an option that would lead to his bond being revoked, or accepting the plea agreement including the new condition of which he had not received the benefit of discussing with counsel, and remaining free on bond until his sentencing. Faced with the foregoing, Mr. Williams submitted to the court's modified plea agreement and entered his no contest plea. As Mr. Williams was not given the opportunity to discuss the plea agreement as modified by the court with counsel, Mr. Williams plea was the product of coercion and was not knowingly, intelligently, and voluntarily entered.

(Dkt. 1, p. 19).

When addressing habeas challenges to a plea entered in state court, the Eleventh Circuit has indicated that a reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *See Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir. 1991).

Here, Petitioner fails to set forth with particularity facts that, if proven, would establish that his plea was coerced. *See Waldrop v. Jones,* 77 F.3d 1308, 1316 (11th Cir.1996). Petitioner's assertion that he "felt" counsel was unprepared for trial

13

without specific evidence does not give rise to habeas relief. (Dkt. 1, p. 19). *See Caderno v. U.S,* 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics). Similarly, Petitioner's argument that Mr. Vaughn was not ready for trial due to filing a motion to withdraw is wholly speculative. Mr. Vaughn's motion was based on Petitioner's failure to meet with him, not on any lack of preparation for trial.

Petitioner's assertion that the State coerced his plea by threatening to revoke his bond prior to trial is also without merit. The State filed a motion to revoke bond in an attempt to ensure Petitioner's appearance at trial. (Dkt. 10, Appendix 10, p. 8). It contended Petitioner had missed prior court hearings. *Id.* The risk of a court hearing, or even a trial, is not coercion.

The state court's finding that Petitioners plea was voluntary was supported by the evidence. The trial court concluded that there had been an exhaustive plea colloquy between the court, Petitioner, and counsel. (Dkt. 10, Appendix C, p. 16). The plea colloquy reveals that there was a clear meeting of the minds. (Dkt. 10, Appendix C, p.18). Petitioner swore under oath that he had a full understanding of the plea. The court specifically asked Petitioner if he was forced or coerced into his plea, to which the Petitioner said no. (Dkt. 10, Appendix B, Transcript of Plea Hearing, p. 12). The representations of the defendant at the plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry

a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In sum, the state court correctly applied clearly established federal law, and there was no unreasonable determination of the facts in light of the evidence. Therefore ground three is without merit.

## CONCLUSION

It is therefore **ORDERED** AND **ADJUDGED** that:

1. The petition for writ of habeas corpus (CV Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

15

encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2012\12-cv-44 Ocala Deny 2254.docx